# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ROSALINDA RANGEL,

            Plaintiff,

   v.

COMMISSIONER OF SOCIAL
SECURITY,

            Defendant.

_____/

CASE NO. 1:12-cv-00411-AWI-SMS

ORDER DISMISSING COMPLAINT FOR
FAILURE TO STATE A CLAIM, WITH
LEAVE TO AMEND WITHIN THIRTY DAYS

(Doc. 1)

## **Screening Order**

    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the Court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

    Plaintiff Rosalinda Rangel, proceeding *in forma pauperis*, by her attorneys, Milam Law, filed her complaint on March 19, 2012. Because Plaintiff's complaint fails to state a claim upon which relief can be granted, 28 U.S.C. § 1915(e)(2)(B)(ii) requires this Court to dismiss it.

    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

1

1   555 (2007).  "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that

2   is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555.  While

3   factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 129 S.Ct. at 1949**.**

4         Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief

5   above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*).  A plaintiff must set

6   forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions,

7   and a formulaic recitation of the elements of a cause of action."  *Id.* at 555-56 (*internal quotation*

8   *marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set

9   forth the legal and factual basis for her claim.

10        Plaintiff's complaint, prepared by her attorney on a form that required only the insertion of

11  Plaintiff's name and several relevant dates, fails to meet these pleading standards.  The complaint

12  includes no specific facts whatsoever setting forth grounds for Plaintiff's claim for relief.  The

13  complaint is merely a form statement of legal conclusions.  As such, the complaint fails to state a

14  claim on which relief may be granted.

15        "A short and plain statement of the claim showing that the pleader is entitled to relief"

16  contemplates a simple and straightforward, but complete, account of the relevant occurrences,

17  actors, and resulting damages.  Should Plaintiff elect to amend her complaint, as this order permits

18  her to do, the complaint must allege sufficient facts, setting forth the legal and factual basis for her

19  claim that the Commissioner's determination was not supported by substantial evidence.

20                            **Conclusion and Order**

21        Plaintiff's complaint fails to set forth facts establishing the grounds of her entitlement to

22  relief and alleges solely legal conclusions.  The Court will provide Plaintiff with the opportunity to

23  file an amended complaint curing the deficiencies identified by the Court in this order.  Plaintiff

24  may not change the nature of this suit by adding new, unrelated claims in the amended complaint.

25  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

26        Plaintiff's amended complaint should be brief, but must allege sufficient facts to establish

27  her cause of action. Fed. R. Civ. P. 8(a).  Plaintiff should focus on setting forth, as briefly but

28  specifically as possible, the facts necessary to state a claim on which relief may be granted.

Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state facts sufficient to state a claim on which relief may be granted;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order; and

3. If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

IT IS SO ORDERED.

**Dated:    April 24, 2012**                         /s/ **Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE